UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIBBY'S BRAND HOLDING LIMITED,

    Plaintiff,

v.

                                      Case No. 8:21-cv-2045-WFJ-JSS

LIBBIE, LLC,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT

THIS CAUSE came before the Court for consideration of Plaintiff's Motion for Entry of Default Judgment. Dkt. 34. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court GRANTS Plaintiff's Motion.

## BACKGROUND

This action arises out of a trademark dispute. Libby's Brand became owner of the *Libby's* trademark on or about July 25, 2005, by virtue of an assignment to Libby's Brand of the trademark and goodwill from Société Des Produits Nestle S.A. Dkt. 1 ¶ 10. Use, however, of the *Libby's* trademark commenced as early as 1894. *Id.* at ¶ 9. As a result of such long-term use, very substantial sales (of about $500 million per annum) and very extensive promotional activities (i.e., 2 percent

of annual sales, which is about $10 million per annum), the *Libby's* trademark has achieved fame and substantial public recognition. *Id.* at ¶¶ 9–15.

Libby's Brand owns United States Trademark Registration Nos. 708,172, 989,062, 2,204,088, 2,071,678, 5,380,593 and 5,598,449 on *Libby's* or on marks that, as matter of law, protect the *Libby's* trademark. Moreover, Registration Nos. 708,172, 989,062, 2,204,088 and 2,071,678 are incontestable under Section 15 of the Federal Trademark Act, 15 U.S.C. § 1065. *Id.* at ¶ 16; Dkt. 1-1.

Libbie started a business, using the website at domain name libbielove.com, that currently includes a webstore that uses the trademark *Libbie* to sell baseball-style caps (including baseball-caps marked *Libbie*) and promote membership in a social organization, which, on information and belief, relates to social contact with Ms. Libbie Mugrabi ("Ms. Mugrabi"), who is the socialite, former spouse of art collector David Mugrabi, and manager of Libbie, LLC. Dkt. 1 at ¶¶ 17, 19.

On or about December 8, 2020, Libbie filed United States Trademark Application Serial No. 90/366,305 on the below shown trademark for use in connection with "women's clothing, namely, shirts, dresses, skirts, blouses." (hereinafter, the "Application").



2

*Id.* at ¶ 18.

Libby's Brand filed this action on August 24, 2021. Dkt.1. The Court entered default against Libbie on July 19, 2022. Dkt. 33.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, to enter a default judgment, there must be a sufficient basis in the pleadings to support the relief sought. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

## ANALYSIS

### A.     Trademark Infringement

A defendant is liable for trademark infringement under the Lanham Act if, "without the consent of the registrant," the defendant "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). To establish a claim for

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206,1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit holdings released prior to close of business on September 30, 1981).

3

trademark infringement, a plaintiff must show that "(1) its mark was used in commerce by the defendant without the [plaintiff's] consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007).

Libby's Brand has stated a claim for trademark infringement. Libby's Brand alleges that it owns a valid trademark in the *Libby's* trademark. Dkt. 1 ¶¶ 8–16. Libby's Brand also alleges that Libbie used the *Libbie* mark in commerce and in connection with the sale or advertising of goods. *Id.* at ¶¶ 17–22.

Taken as true, these allegations are sufficient to establish that Libbie committed trademark infringement.

### B. Dilution

Libby's Brand alleges that there is a likelihood of dilution by blurring and by tarnishment. "'Dilution by blurring' is association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." § 1125(c)(2)(B). "'[D]ilution by tarnishment' is association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." § 1125(c)(2)(C).

Libby's Brand must demonstrate that: (1) the *Libby's* mark is famous; (2) Libbie used the *Libby's* mark after it became famous; (3) Libbie's use was

4

commercial and in commerce; and (4) Libbie's use of the *Libby's* mark has likely caused dilution. *Bentley Motors Corp. v. McEntegart*, 976 F. Supp. 2d 1297, 1312–13 (M.D. Fla. 2013) (*citing Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258, 1266–67 (N.D. Fla. 2009)).[2]

Libby's Brand has stated a claim for trademark dilution because it has established that the brand is famous; that is was famous at the time that Libbie adopted *Libbie*; that Libbie has used the mark in commerce; and that there is a likelihood of dilution due to Libbie's use of *Libbie*.

### C. Permanent Injunction

Libby's Brand does not seek an award of damages in this action. Instead, it requests entry of a permanent injunction against Libbie permanently restraining and enjoining it from directly or indirectly infringing on the Libby's Brand mark.

"Pursuant to the Lanham Act, a district court is authorized to issue an injunction 'according to the principles of equity and upon such terms as the court may deem reasonable,' to prevent violations of trademark law." *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290 (S.D. Fla. 2016) (quoting 15 U.S.C. § 1116(a)). "An injunction against future infringement simultaneously protects the right of the trademark owner to control his products' reputation along with the

---

[2] The anti-dilution provision of the Lanham Act, per the 2006 amendment, only requires a plaintiff to prove a likelihood of dilution, and not that actual dilution has occurred. *Rain Bird Corp.*, 665 F. Supp. 2d at 1266–67.

5

right of the public to be free of confusion, doubly serving the public interest." *Roor Int'l BV v. United Petro IX, Inc.*, No. 2:19-CV-78-FTM-38MRM, 2019 WL 5084170, at *5 (M.D. Fla. Aug. 7, 2019) (internal quotations omitted). "Permanent injunctive relief is appropriate where a plaintiff demonstrates: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest." *Chanel, Inc.,* 240 F. Supp. 3d at 1290.

     Injunction relief is the primary remedy available where likelihood of dilution has been shown. In fact, where a likelihood of dilution has been established, the trademark owner is entitled to an injunction. *See* § 1125(c)(1) ("[T]he owner of a famous mark … *shall be entitled to an injunction* against another person who . . . commences use of a mark . . . that is likely to cause dilution[.]" (emphasis added)). "Under the antidilution provision of the Act . . . an injunction may be issued to enjoin the unlawful use of a trademark or tradename without a showing that the public is actually or likely to confuse the defendant's product or service with that of the plaintiff, and without a showing of actual economic injury." *Rain Bird*, 665 F. Supp. 2d at 1272.  The well-pled facts of the Complaint establish that Libbie has caused a likelihood of dilution of Libby's Brand's mark such that an injunction is appropriate.

Permanent injunctive relief is appropriate here. As explained above, the well-pled facts of the Complaint establish that Libbie infringed and is likely to cause dilution of the Libby's Brand mark. Injunctive relief is appropriate in such circumstances because (i) "there is no[ ] adequate remedy at law to redress infringement" and (ii) "infringement by its nature causes irreparable harm." *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) (citing *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982).

Accordingly, the Court grants Libby's Brand's request for permanent injunctive relief. *See Sream, Inc. v. Asat Inc.*, No. 18-14258-CIV-MARTINEZ-MAYNARD, 2019 WL 1573337, at *5 (S.D. Fla. Apr. 11, 2019) ("Without injunctive relief, Defendant would be free to continue using the [marks] on counterfeit and/or infringing goods. Accordingly, this Court grants Plaintiffs' request for injunctive relief.").

## CONCLUSION

Upon consideration of the foregoing, it is hereby ORDERED as follows:

1. Plaintiff's Motion for Entry of Default Judgment, Dkt. 34, is **GRANTED**.

2. Libbie, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or

under them, and each of them, be permanently restrained and enjoined from any use of *Libbie* on, with, or related to any business, any product, and/or any service;

      3.     Libbie, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them, shall be and hereby is permanently restrained and enjoined from any use of the *Libbie* mark on, with, or related to any business, any product, and/or any service;

      4.     Libbie, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them, be permanently restrained and enjoined from displaying, causing to be displayed, reproducing, causing to be reproduced, distributing, causing to be distributed, supplying, causing to be supplied, posting, uploading, offering for sale, causing to be offered for sale and causing to be sold, any goods and/or services including a name, title, or description containing the *Libbie* Mark or including content or dialog referencing or including the term "LIBBIE" and/or disparaging Libby's Brand, or the *Libby's* Mark;

      5.     Libbie, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them,  be permanently restrained and enjoined from displaying, causing to be displayed, reproducing, causing to be reproduced,

distributing, causing to be distributed, causing to be supplied, offering for sale, causing to be offered for sale and causing to be sold, any product or service bearing a logo, trademark, slogan, ornamentation or design including the *Libbie* Mark;

      6.     Libbie, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them, be permanently restrained and enjoined from any use or display of the *Libbie* mark on, with or related to any social media accounts (including usernames or posts) and webpages (including URLs) owned, operated or controlled in whole or in part by Libbie, including, but not limited to, the website; and

      7.     Libbie, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them, be enjoined from assisting or acting in concert with any other party to display, reproduce, distribute, manufacture, supply, offer for sale, and sell any product or service, bearing a logo, trademark, slogan, ornamentation, or design containing or including the *Libbie* Mark.

      **DONE AND ORDERED** in Tampa, Florida, on July 28, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record
Any Unrepresented Person

10